**Kenneth W. HAMILTON, Plaintiff-Appellant,**

v.

**The CITY OF OVERLAND PARK, KANSAS; The City of Kansas City, Kansas; Norman Justice; and W. Bozarts, Defendants-Appellees.**

No. 83–1593.

United States Court of Appeals, Tenth Circuit.

March 30, 1984.

J.R. Russell of Kansas City, Kan., for plaintiff-appellant.

Kathryn Pruessner Peters, Asst. City Atty., Kansas City, Kan., and Neil R. Shortlidge, First Asst. City Atty., Overland Park, Kan., for defendants-appellees.

Before SETH, Chief Judge, and HOLLOWAY, McWILLIAMS, BARRETT, DOYLE, McKAY, LOGAN and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

This action was brought by Kenneth Hamilton against the City of Overland Park, the City of Kansas City, and two Kansas City municipal employees. Hamilton alleged that he was wrongfully arrested, and sought damages under 42 U.S.C. § 1983 (1976) for denial of his constitution-

al rights to liberty and due process. He also asserted pendent state law claims for intentional infliction of emotional distress and outrageous conduct. The district court dismissed the action on the pleadings, concluding that the section 1983 claims were barred by the applicable statute of limitations, and that the court therefore lacked pendent jurisdiction over the state law claims. We reverse.

The arrest giving rise to Hamilton's suit occurred on October 12, 1981. Hamilton filed his complaint on November 3, 1982, a little over one year later. In concluding that the civil rights claims were time-barred, the district court applied the one-year limitations period provided by Kan. Stat.Ann. § 60–514(2) (1976), which governs "[a]n action for assault, battery, malicious prosecution, or false imprisonment."

█ Because Congress has not enacted a statute of limitations expressly applicable to section 1983 claims, the court must adopt the most analogous limitations period provided by state law. *See* 42 U.S.C. § 1988 (1976); *Board of Regents v. Tomanio,* 446 U.S. 478, 483–84, 100 S.Ct. 1790, 1794–95, 64 L.Ed.2d 440 (1980). In *Garcia v. Wilson,* 731 F.2d 640 (10th Cir.1984) (en banc), decided this day, we considered the method by which an appropriate state statute is to be selected for section 1983 actions. We concluded as a matter of federal law that all section 1983 claims should be characterized as actions for injury to the rights of another. *See id.* at ——— ———. Under Kan.Stat.Ann. § 60–513(a)(4) (1976), "[a]n action for injury to the rights of another, not arising on contract, and not herein enumerated" must be brought within two years. For the reasons set out in *Garcia,* we hold that the Kansas two-year statute is the most appropriate limitations period. Accordingly, Hamilton's section 1983 actions are timely filed. Because the district court's dismissal of the pendent state law claims rested on its disposition of the civil rights actions, dismissal of these claims on that ground must also be reversed.

The suit is reversed and remanded for further proceedings.