953 F.2d 1391
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Debbie D'ZURELLA, Plaintiff-Appellant,
v.
STATE OF KANSAS; Department of Social & Rehabilitation
Services; Ernie Dyer; and Barbara Gaines,
Defendants-Appellees.
 No. 91-3284.
 United States Court of Appeals, Tenth Circuit.
 Jan. 23, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Ms. D'Zurella appeals pro se the judgment of the United States District Court for the District of Kansas which held (1) defendants are entitled to summary judgment under the doctrine of claim preclusion on the claim of retaliation, and (2) defendants are entitled to dismissal on the constructive discharge claim. We affirm.
 
 
 3
 Ms. D'Zurella originally filed suit against the State of Kansas; Department of Social Rehabilitation Services; Ernie Dyer, Supervisor of State Department of Social and Rehabilitation Services; Barbara Gaines, Supervisor of State Department of Social and Rehabilitation Services; and individually under Title VII, alleging (1) defendants had unlawfully retaliated against her during the course of her employment as an Income Maintenance Worker with the Department of Social and Rehabilitation Services (SRS) of the State of Kansas, and (2) she had been constructively discharged from her employment by defendants.
 
 
 4
 Following her unsuccessful trial and appeal, see D'Zurella v. Kansas, No. 90-3202 (10th Cir. Mar. 18, 1991), Ms. D'Zurella filed the instant action pro se on June 14, 1990. This complaint was substantially similar to her previous complaint but sought relief under 42 U.S.C. § 1983. Ms. D'Zurella then applied to the court to proceed in forma pauperis and for appointment of counsel. The district court granted in forma pauperis and denied appointment of counsel. Subsequently, the court granted defendants' summary judgment on the issue of claim preclusion concerning Ms. D'Zurella's claim of retaliation, stating that under the doctrine of claim preclusion, a party is prevented from pursuing any matter that could have been asserted in the prior action. Petromanagement Corp. v. Acme-Thomas Joint Venture, 835 F.2d 1329, 1335 (10th Cir.1988). The district court found the three required elements of claim preclusion were present. The first element was met because the parties in both actions are the same. The second element was met as the causes of action are the same, arising out of the same "factual grouping" or "transaction." Finally, the third element was met by the judgment on the merits in Ms. D'Zurella's previous action.
 
 
 5
 The court also dismissed Ms. D'Zurella's complaint of constructive discharge. The court stated it is well settled that a two-year statute of limitations applies to civil rights actions brought under 42 U.S.C. § 1983. Hamilton v. City of Overland Park, 730 F.2d 613, 614 (10th Cir.1984) (applying Kan.Stat.Ann. § 60-513(a)(4) to a § 1983 claim), cert. denied, 471 U.S. 1052 (1985). The district court found the facts clearly demonstrate Ms. D'Zurella resigned from her job with the SRS on May 3, 1988, and that this action was barred by the statute of limitations as it was not filed until June 14, 1990.
 
 
 6
 Ms. D'Zurella's appeal alleges: (1) the trial court should not have granted defendants' motion for summary judgment because it did not allow her the opportunity for discovery; (2) her constructive discharge occurred in June 1988 rather than May 1988 as the trial court found; (3) she was entitled to appointment of counsel; (4) she was entitled to leniency as a pro se litigant; and (5) she was wrongfully ordered to pay court costs.
 
 
 7
 First, Ms. D'Zurella contends the trial court did not allow her the opportunity for discovery.
 
 
 8
 We review the district court's grant of summary judgment de novo applying the same legal standard used by the district court under Fed.R.Civ.P. 56(c). Osgood v. State Farm Mut. Auto. Ins. Co., 848 F.2d 141, 143 (10th Cir.1988). Summary judgment should be granted only if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). When applying this standard, we examine the factual record and reasonable inferences in the light most favorable to the party opposing summary judgment. Gray v. Phillips Petroleum Co., 858 F.2d 610, 613 (10th Cir.1988).
 
 
 9
 Ms. D'Zurella already had a lengthy discovery process in her first trial. No new facts were to be developed in the second case. A plaintiff cannot rest on the claim of failure to complete discovery. She must come forward with additional facts expected to be adduced through discovery and state how these additional facts would cause summary judgment to be premature. Weir v. Anaconda Co., 773 F.2d 1073, 1082 (10th Cir.1985). We hold the record reflects Ms. D'Zurella made no showing of additional facts or how these facts would cause summary judgment to be premature.
 
 
 10
 Second, Ms. D'Zurella asserts the district court erred when it dismissed her charge of constructive discharge because she failed to file her suit within the two-year time limit provided by the statute of limitations. A two-year statute of limitations applies to all civil rights actions brought pursuant to 42 U.S.C. § 1983. Hamilton, 730 F.2d at 614.
 
 
 11
 This court may review factual determinations made by the district court and reverse them if they are clearly erroneous.
 
 
 12
 The district court applied May 3, 1988, as the date of constructive discharge that would effectively bar recovery. The judgment of the trial court may be affirmed on any ground arising from the record. Castro v. Arkansas-Louisiana Gas Co., 597 F.2d 1323, 1325 (10th Cir.1979).
 
 
 13
 The record shows the Pretrial Order of July 27, 1989 stated: "On May 3, 1988 plaintiff was constructively terminated from her employment with SRS." (Doc. 13, Exh. F at 5.) The Certificate of Mailing shows Ms. D'Zurella's counsel was sent a copy of the order and was requested to submit objections, corrections or revisions on or before August 9, 1989. The record does not indicate any objections, corrections or revisions were received. This issue of fact was thus judicially established in the first trial.
 
 
 14
 We do not conclude the district court's determination of May 3, 1988 is clearly erroneous. That date from the record is the constructive date of termination from SRS determining that the claim was barred by the two-year statute of limitations.
 
 
 15
 Ms. D'Zurella's third contention is she was entitled to appointment of counsel.
 
 
 16
 In determining the propriety for appointment of counsel, particularly in cases of alleged discrimination, the courts have generally considered four factors: (1) the ability of the plaintiff to afford an attorney; (2) the merits of the case; (3) the efforts of plaintiff to secure counsel; and (4) the capacity of plaintiff to present the case adequately without counsel. Poindexter v. FBI, 737 F.2d 1173 (D.C.Cir.1984).
 
 
 17
 The trial court found that the most significant factor in determining whether it should appoint counsel related to the merits of Ms. D'Zurella's case. The court compared the complaints filed in Ms. D'Zurella's two actions and found the complaint in this case was merely a duplication of the complaint in the first action.
 
 
 18
 In both cases Ms. D'Zurella's claims arose out of alleged sexual harassment in her employment in 1983 and the failure of defendants to grant her promotions and transfers. The significant change was the cases were presented under different theories. Claim preclusion does not allow relitigation of the same issues and facts by the same parties under a different theory. Clark v. Haas Group, Inc., 1992 WL 4127 at * 4 (10th Cir.1992).
 
 
 19
 The court also found Ms. D'Zurella had the capacity to present the case adequately without counsel. The record reflects she displayed remarkable familiarity with the legal issues, statutes and case law material to the factual allegations.
 
 
 20
 We find the trial court did not abuse its discretion when it denied appointment of counsel to Ms. D'Zurella.
 
 
 21
 Ms. D'Zurella's fourth contention is she should be granted leniency as a pro se litigant. This court construes pro se pleadings liberally and holds them to less stringent standards than formal pleadings drafted by attorneys. Haines v. Keiner, 404 U.S. 519, 520 (1972); Gillihan v. Shillinger, 872 F.2d 935, 938 (10th Cir.1989). The record reflects the trial court was lenient with Ms. D'Zurella's complaint. The trial court granted motions for extension of time, accepted Form A-12 which guided Ms. D'Zurella in presenting her appellate issues and arguments in lieu of a formal brief, and considered each allegation properly. We hold she was granted leniency by the trial court as a pro se litigant.
 
 
 22
 Ms. D'Zurella's final contention objects to the judgment requiring her to pay the defendants' costs of action which she believes includes the defendants' attorneys fees.
 
 
 23
 We review an award of costs under an abuse of discretion standard.
 
 
 24
 Costs shall be allowed as of course to the prevailing party unless the court otherwise directs. Fed.R.Civ.P. 54(d). 28 U.S.C. § 1920 does not include attorneys fees.
 
 
 25
 We hold the trial court did not abuse its discretion in awarding costs to the defendants.
 
 
 26
 Ms. D'Zurella has failed to persuade this court there is error of fact or law. The decision of the Kansas District Court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3