46 F.3d 1151
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Thomas S. BLEDSOE, Plaintiff-Appellant,
v.
Kenneth COGGINS and Marshall County District Court,
Defendants-Appellees.
 No. 94-1216.
 United States Court of Appeals, Tenth Circuit.
 Feb. 7, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. We grant the right to appeal in forma pauperis in order to reach the merits of the case.
 
 
 2
 Plaintiff appeals the dismissal of his 28 U.S.C.1983 civil rights complaint in which he alleged the Marshall County, Kansas Sheriff and the Marshall County District Court violated his constitutional rights. Plaintiff alleged that, in 1988, he was arrested without a warrant, was not read his rights, and was found guilty of attempted indecent liberties with a child without any evidence to support that charge.
 
 
 3
 The district court dismissed the complaint, finding that the state court was not a "person" for purposes of 1983, and that any claims against the state district court judge were barred by absolute judicial immunity. The court also found that the 1983 claim was subject to the Kansas two-year statute of limitations for bringing an action "for an injury to the rights of another," see Hamilton v. City of Overland Park, 730 F.2d 613, 614 (10th Cir.1984), cert. denied, 471 U.S. 1052 (1985); see also Kan. Stat. Ann. 60-513(a)(4). The district court then found the statute was not tolled, because although plaintiff was in prison for less than a life term, he "had access to the court for purposes of bringing an action." Kan. Stat. Ann. 60-515(a). Therefore, the complaint against the sheriff filed May 2, 1994, was time-barred.
 
 
 4
 We cannot add significantly to the analysis of the district court in its order of September 15, 1994, and therefore AFFIRM for substantially the reasons stated therein.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470