66 F.3d 338
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Anthony Ray JENKINS, Plaintiff-Appellant,
v.
LIBERAL POLICE DEPARTMENT, Charlie Maddock, Defendants-Appellees.
 No. 94-3201.
(D.C.No. 94-3235).
 United States Court of Appeals, Tenth Circuit.
 Sept. 15, 1995.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 
 LOGAN
 
 1
 This matter is before the court on plaintiff Anthony Ray Jenkins' motion for leave to proceed in forma pauperis on appeal without payment of costs or fees.
 
 
 2
 To succeed on his motion, plaintiff must show both the financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. See 28 U.S.C.1915(d); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir.1962).
 
 
 3
 Plaintiff seeks to appeal the dismissal of his 42 U.S.C.1983 complaint filed against the Liberal (Kansas) police department and Officer Charlie Maddock. He alleges that he was falsely arrested on drug charges in March 1992, and that his minor son was beaten and falsely arrested in December 1991. He filed suit in June 1994. The district court dismissed the action as time-barred under the two-year statute of limitations applicable to such suits in Kansas. See Hamilton v. City of Overland Park, 730 F.2d 613, 614 (10th Cir.1984), cert. denied, 471 U.S. 1052 (1985).
 
 
 4
 We conclude that petitioner can make no rational argument on the law or facts in support of the issues raised on appeal. Therefore, the motion for leave to proceed on appeal without prepayment of costs or fees is denied. The appeal is DISMISSED.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470