UNITED STATES COURT OF APPEALS
**Filed 4/11/96**
FOR THE TENTH CIRCUIT

| | |
|---|---|
| ROLAND RALPH WILEY, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) No. 95-3122 |
| | ) (D.C. No. 91-CV-3073) |
| DR. (NFN) (NMI) HOANG; PHYLLIS WARDER, | ) (D. Kan.) |
| KSP Hospital Administrator; CMS, Contracted | ) |
| KSP Health Care Provider; DR. (NFN) (NMI) | ) |
| WALTZ; DR. (NFN) (NMI) HARVEY; DR. (NFN) | ) |
| (NMI) THOMPSON, | ) |
| | ) |
| Defendants-Appellees. | ) |

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Roland R. Wiley, appearing pro se, appeals from the district court's order granting defendants' motions for summary judgment. Plaintiff brought this action for

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

damages pursuant to 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights by denying him adequate medical care during his incarceration at the Lansing Correctional Facility (LCF) in Lansing, Kansas. We affirm.

In ruling on defendants' motions for summary judgment, the district court relied on a March 4, 1991 filing date for plaintiff's complaint to conclude that the applicable two-year statute of limitations barred all of plaintiff's claims. Notwithstanding that conclusion, the district court proceeded to consider the medical treatment plaintiff received for his January 1989 case of spinal meningitis and held that it was not "so substandard as to implicate the Eighth Amendment." R. II, doc. 57 at 5. Because the parties are well aware of the facts of the case, we will not repeat them here.

On appeal, plaintiff objects to the district court's use of the March 4, 1991 filing date for his complaint. Plaintiff claims that he filed his original complaint on January 11, 1991, and that it subsequently was returned to him by the clerk of the court with instructions to use instead a prescribed form to initiate his action. Plaintiff further claims that he did as he was instructed and that his form complaint (with his original complaint appended thereto) was mailed to the court on February 6, 1991. The complaint[1] is stamped to indicate that it was received by the pro se clerk of the district court on February 8, 1991, and ultimately was filed in the district court on March 4, 1991. It is unnecessary for us to consider whether any issue is presented by this sequence of events and, if so, whether it is properly before us. The

_____

[1] Plaintiff also objects to the exclusion of his complaint from the designated record on appeal. The omission was inadvertent. We requested and received from the district court a copy of plaintiff's complaint, consisting of the completed form with the original complaint appended thereto. It is before us now, just as it was before the district court, and is part of the record on appeal.

2

district court, although using the March 4 date for its statute of limitations ruling, nonetheless ruled on the merits of plaintiff's claims arising out of his January 1989 illness. Plaintiff's pre-1989 claims are barred by the applicable two-year statute of limitations whether we use the January 11 filing date or the March 4 filing date. See Hamilton v. City of Overland Park, 730 F.2d 613, 614 (10th Cir. 1984)(holding that the two-year statute of limitations in Kan. Stat. Ann § 60-513(a)(4) should be applied to Section 1983 claims), cert. denied, 471 U.S. 1052 (1985) .

Plaintiff argues that he should not be held to the two-year statute of limitations by virtue of Kan. Stat. Ann. § 60-515(a) (1994), which allows persons under a legal disability, including imprisonment, to bring their actions one year after the disability is removed. We disagree. The statute expressly excepts those who are imprisoned yet have access to the court for purposes of bringing an action. Id. Here, there is no question that plaintiff had access. In December of 1983, while imprisoned, he brought an action in the district court, complaining of inadequate medical attention to his 1981 head/facial injury. See Pl.'s compl. at p. 4; Wiley v. Harvey, No. 83-3368 (D. Kan. Jan. 31, 1984), appeal dismissed for lack of prosecution, No. 84-1498 (10th Cir. Nov. 2, 1984).

Plaintiff also tries to avoid his statute of limitations problems by turning to Kan. Stat. Ann. § 60-513(b) (1994), which provides for the accrual of a cause of action when "the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then . . . [when] the fact of injury becomes reasonably ascertainable to the injured party. . . ." Plaintiff is apparently taking the position that the applicable limitations period did not commence until he purportedly learned in January of 1989 that the spinal meningitis was in some way caused

3

by the allegedly inadequate treatment of his 1981 injury. Without considering possible legal theories which might or might not sustain such an argument, and ignoring any res judicata issues raised by plaintiff's earlier suit, plaintiff's contention fails because it lacks any factual basis in the record. The record reflects three references by Dr. Grote concerning plaintiff's 1981 injury; the first in his discharge summary, R. I, doc. 49, Salke Aff., ex. A at 52, the second in the notes of Dr. Grote's orders in plaintiff's chart, id. at 5, and the third in defendant Warder's notes of her telephone conversation with Dr. Grote, id. at 28-29. These references indicate Dr. Grote's concern about the earlier injury, but they do not support an inference that plaintiff received inadequate treatment for the injury or that the treatment received was the cause of plaintiff's subsequent illness. Plaintiff's references in his brief to what Dr. Grote said are not supported by sworn testimony and are insufficient to raise a question of fact.

Turning to plaintiff's Eighth Amendment claim with respect to his January 1989 case of spinal meningitis, we agree with the district court that summary judgment was appropriate. Plaintiff has wholly failed to respond to defendants' summary judgment motions with specific factual support for his claims. See Fed. R. Civ. P. 56 (e) ("adverse party may not rest upon the mere allegations or denials of . . . [his] pleading, but . . . [must], by affidavits or otherwise as provided in this rule, . . . set forth specific facts showing that there is a genuine issue for trial"); Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994)(even pro se litigants must comply with Fed. R. Civ. P.), cert. denied, 115 S. Ct. 750 (1995); Handy v. Price, 996 F.2d 1064, 1068 (10th Cir. 1993)("Conclusory allegations . . . do not fulfill a nonmoving party's obligation when faced with affidavits and a motion for summary judgment."). The record on which plaintiff relies shows, as the district court correctly noted,

that "plaintiff received medical care in response to his complaints which included medication for pain, diagnostic testing, referral to a local hospital, and follow-up care in the prison infirmary." R. II, doc. 57 at 5. Plaintiff presents no evidence that defendants' actions in this regard were even unreasonable, much less in reckless disregard of a known risk. See Farmer v. Brennan, 114 S. Ct. 1970, 1978-79 (1994) (defining "deliberate indifference"). Instead, plaintiff relies primarily on the fact that Dr. Grote's treatment plan was not followed once plaintiff was returned to prison and under another doctor's care.

Although we have recognized that intentional interference with prescribed medical treatment may constitute deliberate indifference, see Martin v. Board of County Comm'rs, 909 F.2d 402, 406 (10th Cir. 1990), the mere fact that recommended treatment was not followed is not sufficient evidentiary support to survive a motion for summary judgment. See Ledoux v. Davies, 961 F.2d 1536, 1537 (10th Cir. 1992)(evidence that inmate was housed in upper level cell when recommended treatment included a permanent restriction on use of stairs did not support an inference of deliberate indifference). The record shows that although the intramuscular Demerol ordered by Dr. Grote was discontinued, see R. I, doc. 49, Salke Aff., ex. A at 18-32, plaintiff did receive medication for pain throughout his stay in the infirmary, id. at 17-33. Plaintiff has failed to present any evidence that the medical decision to use an alternative pain medication was unreasonable or reckless. Plaintiff's belief that he should have received the Demerol is insufficient to establish a constitutional violation. See Ledoux, 961 F.2d at 1537. Similarly, plaintiff has failed to present any evidence challenging the medical decisions to discontinue his IV and to forego a repeat spinal tap, or any evidence that the course of treatment followed by defendants in this regard

5

was intended to cause him harm, recklessly disregarded some risk of harm, or indeed caused him harm.

The judgment of the United States District Court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

6