**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 12 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RONALD E. HALL,

      Plaintiff-Appellant,

    v.

GEARY COUNTY BOARD OF
COUNTY COMMISSIONERS,
Junction City, Kansas; SHERIFF OF
GEARY COUNTY, Junction City,
Kansas,

      Defendants-Appellees.

No. 00-3370

(D. Kansas)

(D.C. No. CIV-00-CV-3204)

**ORDER AND JUDGMENT** *

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is,

therefore, ordered submitted without oral argument.

---

    * This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Roland Hall filed this action pursuant to 42 U.S.C. § 1983 against the Geary County Board of County Commissioners and the Geary County Sheriff. He alleged that these defendants violated his Fourth Amendment rights by arresting him without probable cause. He also sought damages for physical pain and suffering and mental anguish allegedly caused by insect bites that he obtained while in custody of the Geary County Sheriff's Department.

Invoking 28 U.S.C. § 1915(e)(2)(B)(ii), the district court dismissed Mr. Hall's complaint for failure to state a claim upon which relief may be granted. It reasoned that Mr. Hall's Fourth Amendment claim was barred by the two-year statute of limitations for § 1983 actions filed in Kansas. See Rec. doc. 5, at 2 (Dist. Ct. Order, filed July 24, 2000) (citing Hamilton v. City of Overland Park, 730 F.2d 613 (10th Cir. 1984)). The court noted that the allegedly improper arrest occurred in March 1998 but that Mr. Hall did not file this action until May 31, 2000. As to Mr. Hall's insect bites, the court concluded that they did not constitute the kind of injury necessary to establish an Eighth Amendment claim— "'the unnecessary and wanton infliction of pain' that is grossly disproportionate to the crime underlying the inmate's incarceration or result[s] in a deprivation of basic human needs." Id. at 3 (quoting Rhodes v. Chapman, 452 U.S. 337, 346-47 (1981)).

On appeal, Mr. Hall argues that the district court erred in dismissing his Fourth Amendment claim. He maintains that the two-year statute of limitations did not begin to run until the conclusion of his trial in August 1998 and that, as a result, he filed his claim within the limitations period.

We are not persuaded by Mr. Hall's argument. In Beck v. City of Muskogee Police Department, 195 F.3d 553, 558 (10th Cir. 1999), this circuit applied "the general rule that causes of action relating to an allegedly illegal arrest arise at the time of arrest." Mr. Hall has failed to establish that any exception to that rule is applicable here.

Accordingly, we AFFIRM the district court's dismissal of Mr. Hall's complaint. [1] The district court's dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). See 28 U.S.C. S 1915(e)(2)(B)(ii).

Entered for the Court,


Robert H. Henry
United States Circuit Judge

---

[1] Mr. Hall does not challenge the district court's dismissal of his Eighth Amendment claim, and we therefore do not address it.