**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 1, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARSHALL A. TILLMAN,

Plaintiff-Appellant,

v.

ROBERT A. CREIGHTON,
Chairman, Commission on Judicial
Qualification; STATE OF
KANSAS; LARNED STATE
HOSPITAL; ATTORNEY
GENERAL OF KANSAS;
KANSAS DEPARTMENT OF
CORRECTIONS,

Defendants-Appellees.

No. 07-3165

(D. Kansas)

(D.C. No. 06-CV-3300-SAC)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges,

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

this appeal.  *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G).

## I. BACKGROUND

Marshall A. Tillman, a state prisoner proceeding pro se, appeals the district court's sua sponte dismissal of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. § 1915A(b).  For substantially the same reasons as given by the district court, we affirm.

## II. DISCUSSION

### A. Standard of review

The district court dismissed Mr. Tillman's complaint pursuant to § 1915A,[1] but it did not cite a specific section of that statute in support of its dismissal.  We read its decision as concluding that, as to three of his causes of action, Mr. Tillman failed to state claims upon which relief can be granted, see 28 U.S C. § 1915A(b)(1), and that, as to his final cause of action, Mr. Tillman has sought monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915A(b)(2).  Because dismissals for failure to state a claim and for seeking

---

[1] Section 1915A(b) provides
On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

monetary relief from a defendant who is immune are legal questions, we review them de novo. See McBride v. Deer, 240 F.3d 1287, 1289 (10th Cir. 2001).

Recent Supreme Court precedent dictates that our review of dismissals for failure to state a claim is "'for plausibility in the complaint.'" *See Alvarado v. KOB-TV*, 493 F.3d 1210, No. 06-2001, 2007 WL 2019752, at *3 (10th Cir. July 13, 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1970 (2007) (alternation omitted)). The complaint must be read in the light most favorable to the plaintiff, and all well-pleaded, material allegations of fact must be taken as true. *See Estelle v. Gamble*, 429 U.S. 97, 99 (1976). Of course, "[a] document filed pro se is 'to be liberally construed,' . . . and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle*, 429 U.S. at 106).

B. Merits

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). Mr. Tillman's claims, as the district court stated, "appear to encompass a number of events." Rec doc. 3, at 1. He argues that (1) the Kansas Commission of Judicial Qualifications erred when, on September 9,

-3-

2004, it refused to reprimand the judicial officer against whom Mr. Tillman had filed a complaint in July 2004; (2) on April 16, 2003, the Larned State Hospital produced a report by including another man's name as an alias in the plaintiff's forensic evaluation; (3) the Kansas Department of Corrections wrongfully denied his good time credits; and (4) the Attorney General sought the death penalty against him without any assurance of the protection of his rights.

For substantially the same reasons as the district court, we affirm the dismissal of Mr. Tillman's complaint. His first two claims are untimely. We have previously held that Kansas's two-year statute of limitations applies to § 1983 claims. *See Hamilton v. City of Overland Park*, 730 F.2d 613, 614 (10th Cir. 1984). The statute can be tolled for inmates "imprisoned for a term less than [their] natural life" if they do not have "access to the court for purposes of bringing an action," Kan. Stat. Ann. § 60-515(a). However, Mr. Tillman neither presents any facts tending to show that he lacked access to the courts nor argues on appeal that the statute of limitations was incorrectly applied by the district court or should have been tolled.

As to his third contention, to the extent Mr. Tillman seeks recalculation of good-time credits, his claim fails as a procedural matter. A petition for habeas corpus – not a § 1983 suit – is the proper avenue for seeking such relief. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Reed v. McKune*, 298 F.3d 946, 953 (10th Cir. 2002). Fourth and

finally, the doctrine of prosecutorial immunity bars Mr. Tillman's assertions regarding the filing of capital charges against him. "A prosecutor's charging decisions are absolutely immune from civil suit for monetary damages." *Becker v. Kroll*, Nos. 05-4070, -4096, __ F.3d __, 2007 WL 2056775, at *15 (10th Cir. Jul, 19, 2007) (citing *Hartman v. Moore*, 126 S. Ct. 1695, 1704-05 (2006)).

## III. CONCLUSION

Accordingly, we AFFIRM the district court's dismissal of Mr. Tillman's § 1983 complaint. We remind Mr. Tillman of his continuing obligation to make such payments until the entire fee has been paid in full. *See* 28 U.S.C. § 1915(b)(1)-(2).

Entered for the Court,

Robert H. Henry
United States Circuit Judge