(796 P.2d 1055)
No. 63,553 ■

LETTY L. TUCKING, *Appellant,* v. BOARD OF COMMISSIONERS OF JEFFERSON COUNTY, KANSAS, and JEFFERSON COUNTY, KANSAS, *Appellees.*

Opinion filed February 16, 1990. ■

*Charles M. Tuley,* of Charles M. Tuley Law Office, P.A., of Atchison, for appellant.

*Daniel J. Gronniger,* of Goodell, Stratton, Edmonds & Palmer, of Topeka, for appellees.

Before BRAZIL, P.J., REES, J., and JOHN C. GARIGLIETTI, District Judge, assigned.

*Per Curiam:* Letty L. Tucking appeals the district court's dismissal of her personal injury action against the Board of County Commissioners of Jefferson County and Jefferson County (County) for Tucking's failure to meet the notice requirements of K.S.A. 1989 Supp. 12-105b(d).

Letty L. Tucking fell on a sidewalk outside the Jefferson County Courthouse on October 8, 1986. On June 21, 1988, her lawyer sent the following letter to the Jefferson County Commission:

"June 21, 1988

"Board of Jefferson
County Commissioners
Oskaloosa, KS 66066

"Re: Letty Tucking, Date of Injuries, Oct. 8, 1986, Place, West side of Jefferson County Courthouse

"Dear County Commissioners:

"This will notify you that we have been retained to represent the client named above. All further communications concerning this case should be directed to our office. If you have liability insurance you should be certain that the injury is promptly reported to your insurance company and that a copy of this letter be furnished to them. If you do not have liability insurance, you should either contact me or have your attorney do so with the view to try and settle this matter without the necessity of expensive litigation.

"Sincerely,
"CHARLES M. TULEY LAW OFFICE, P.A.
"by _____
"Charles M. Tuley"

On October 6, 1988, 107 days after the notice was sent, Tucking filed a lawsuit in district court against the County. Her petition did not allege that she gave notice to the County pursuant to 12-105b. The petition was served on the County on October 10, 1988. The County answered on November 1, 1988, stating:

"5. For further and separate defense, these defendants allege that a condition precedent to suit is the filing of a claim pursuant to K.S.A. 12-105(b) [sic]. No such claim was filed by the plaintiff. As a consequence thereof this court lacks jurisdiction of plaintiff's suit and plaintiff's action should be dismissed."

The County filed a motion to dismiss on December 8, 1988, alleging that Tucking failed to comply with 12-105b(d). The district court dismissed Tucking's action, finding the letter sent June 21, 1988, failed to comply with the requirements of 12-105b(d).

K.S.A. 1989 Supp. 12-105b(d), enacted at L. 1987, ch. 353, § 9, establishes a uniform written notice requirement for any claim against a municipality which could give rise to an action under the Kansas Tort Claims Act, K.S.A. 75-6101 *et seq.* In

determining whether the notice given meets the statutory requirements, we must determine legislative intent and construe the meaning of the statute. "Interpretation of a statute is a question of law." *Director of Taxation v. Kansas Krude Oil Reclaiming Co.*, 236 Kan. 450, 455, 691 P.2d 1303 (1984). "The construction of a written instrument is a question of law, and the instrument may be construed and its legal effect determined by an appellate court." *Kennedy & Mitchell, Inc. v. Anadarko Prod. Co.*, 243 Kan. 130, 133, 754 P.2d 803 (1988). The appellate court's review of questions of law is unlimited. *Hutchinson Nat'l Bank & Tr. Co. v. Brown*, 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988).

K.S.A. 1989 Supp. 12-105b(d) provides, in part: "Any person having a claim against a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection before commencing such action." As Tucking correctly notes, 12-105b is not part of the Kansas Tort Claims Act, K.S.A. 75-6101 *et seq*. It appears under article 1, general 5 provisions, of chapter 12, cities and municipalities. The provision does apply to counties. K.S.A. 12-105a(a) broadly defines "Municipality" to include counties.

K.S.A. 1989 Supp. 12-105b(d) took effect July 1, 1987. From July 1979 until July 1987, there was no express requirement that notice be given to a governmental entity before suit was filed. In *Quigley v. General Motors Corp.*, 647 F. Supp. 656, 661 (D. Kan. 1986), the court held that the then applicable subsections of 12-105b did not require tort victims to give notice of claims before filing suit against a municipality. Presumably, the legislature was responding to *Quigley* when it enacted K.S.A. 1989 Supp. 12-105b(d).

Prior to 1979 when it was repealed, a different notice requirement was found in K.S.A. 12-105. In some form that statute had been on the books since 1903. There were minor differences in statute number, which cities it applied to, and the time limits. The basic requirements remained the same until its repeal.

The only case interpreting 12-105b(d) is *Stevenson v. Topeka City Council*, 245 Kan. 425, 781 P.2d 689 (1989). The issue in the *Stevenson* case was whether the statute should be given pro-

*spective or retrospective application. That issue has not been* raised here.

The prior statutes, and the cases interpreting them, are the only evidence of legislative intent other than the words of 12-105b itself. The prior statutes and accompanying cases should be considered in interpreting K.S.A. 1989 Supp. 12-105b(d). "In determining legislative intent, courts are not limited to consideration of the language used in the statute, but may look to the historical background of the enactment." *Citizens State Bank of Grainfield v. Kaiser*, 12 Kan. App. 2d 530, 536, 750 P.2d 422, *rev. denied* 243 Kan. 777 (1988).

The County argues that compliance with K.S.A. 1989 Supp. 12-105b(d) is mandatory. We agree. This is certainly the law as it was established in a long line of cases interpreting K.S.A. 12-105 and its predecessors. For instance, in *Cook v. Topeka*, 75 Kan. 534, 536, 90 Pac. 244 (1907), the court said: "The statute requiring a statement to be filed with the clerk is mandatory; that is, no action can be maintained until such statement is filed."

In fact, K.S.A. 12-105 was interpreted to be a condition precedent to filing suit. In *Hibbs v. City of Wichita*, 176 Kan. 529, 532-33, 271 P.2d 791 (1954), the court said:

"This court has always recognized the power of the legislature to enact a statute establishing conditions precedent to the maintenance of an action against a city for damages to person or property and long ago, in construing 12-105, . . . determined that its provisions established conditions precedent to the bringing of such an action which must be pleaded . . . ."

See, *e.g.*, *James v. City of Wichita*, 202 Kan. 222, 447 P.2d 817 (1968).

Because K.S.A. 1989 Supp. 12-105b(d) creates a condition precedent, at trial both parties bore special burdens in pleading. K.S.A. 1989 Supp. 60-209(c) provides: "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity." Tucking did not plead the occurrence of the condition precedent in her petition, although that specific issue was not raised by the County. The County did deny the occurrence of the condition both in its answer and in its motion to dismiss. In her memorandum in

opposition to the motion to dismiss, Tucking alleged compliance with the notice requirement and attached the letter as an exhibit. The district court, however, did not rely on Tucking's failure to plead compliance. The court found there had not been substantial compliance with 12-105b(d). It is necessary then to determine the limits of substantial compliance.

In interpreting the prior statutes, courts have always found a plaintiff need not do more than substantially comply with the elements. For instance, in *Cook v. Topeka*, 75 Kan. at 536, the court said: "[W]ith respect to the details of the statement precise exactness is not absolutely essential. If it reasonably complies with the statute, and the city is not misled to its prejudice by any defects of description of the place where the accident happened, the city has no reason to complain."

Substantial compliance is what is required under the current notice statute. K.S.A. 1989 Supp. 12-105b(d) now expressly provides, "In the filing of a notice of claim, substantial compliance with the provisions and requirements of this subsection shall constitute valid filing of a claim." By expressly mentioning "substantial compliance" in the statute, we understand the legislature to be codifying prior case law.

Decisions interpreting predecessors to 12-105b have been fairly strict in determining the minimum requirements for notice, despite language about substantial compliance. For instance, in *McHenry v. Kansas City*, 101 Kan. 180, 165 Pac. 664 (1917), the court found notice that gave an improper date to be defective. The notice listed the date of injury as January 12, 1916, but the petition gave the date of injury as January 19, 1916. The court said:

"The statement requires that the time of the accident be given. This is only fair. The city should have an opportunity to investigate the facts and merits of the claim, and to prepare its defense against demands which are false, frivolous or extravagant. For the purpose of such an investigation an accurate statement of the time is material and important. It is an element of substance and not of mere form in the making of the statement required by the statute." 101 Kan. at 182.

The County argues that *McHenry*, and other cases, provide a rule that there is no substantial compliance if one element is completely missing—that there can only be substantial compliance

if the plaintiff makes an attempt to state each element of the notice. This is a correct interpretation of the cases under prior statutes. For instance, in *Haggard v. Arkansas City*, 116 Kan. 681, 682, 229 Pac. 70 (1924), the plaintiff did not designate where in the city the accident took place, and the court said: "Here there was not even an effort made to comply with the requirement of the statute as to the place where the injuries were received, hence the statement is fatally defective." In *Wildin v. City of Hutchinson*, 177 Kan. 671, 282 P.2d 377 (1955), *overruled on other grounds* 204 Kan. 179, 460 P.2d 541 (1969), the plaintiff did not include either the date or place of injury. In holding that the trial court was correct in ruling the notice to be insufficient, the court said: "There is close analogy between failure to file any statutory statement, and failure to file a statement setting forth an essential requirement." 177 Kan. at 677.

The elements of a K.S.A. 1989 Supp. 12-105b(d) notice are listed in the statute:

"(1) The name and address of the claimant and the name and address of the claimant's attorney, if any; (2) a concise statement of the factual basis of the claim, including the date, time, place and circumstances of the act, omission or event complained of; (3) the name and address of any public officer or employee involved, if known; (4) a concise statement of the nature and the extent of the injury claimed to have been suffered; and (5) a statement of the amount of monetary damages that is being requested."

Earlier statutes required less. Generally, they required only the following: (1) the time and place of the accident, (2) the circumstances, and (3) a demand for settlement and payment. See K.S.A. 12-105 (Weeks 1975).

In this case, Tucking's notice entirely neglected two elements. The notice made no reference to either the amount of monetary damages Tucking claimed or the type of injury she suffered. Her compliance with the other elements was partial. As to element (1), the notice did not contain her address. As to element (2), the notice did not give the time of the accident or describe the circumstances of the injury. Element (3) does not apply to this case. Because case law applies to the current statute, Tucking's notice is inadequate on either element (4) or (5), and probably on elements (1) or (2) as well.

Tucking's main argument is that she fulfilled the purpose of the statute—she gave the city notice so that it had an opportunity to investigate her claim. Tucking cites *City of Lenexa v. City of Olathe*, 233 Kan. 159, 164, 660 P.2d 1368 (1983), an annexation case, for the proposition that, in general, the term "[s]ubstantial compliance" means "compliance in respect to the essential matters necessary to assure every reasonable objective of the statute." Although there is no express evidence of legislative intent regarding K.S.A. 1989 Supp. 12-105b(d) other than the words of the statute itself, prior statutes were interpreted to have the purpose suggested by Tucking. In *Holmes v. Kansas City*, 101 Kan. 785, 786, 168 Pac. 1110 (1917), the court said: "The notice effected the purpose of the statute, which is to inform the city of the accident and of the defect which causes an injury, and to give the city an opportunity to ascertain the character and extent of the injury sustained."

*Holmes* should not be interpreted as holding that the required elements of the notice do not need to be stated. In *Holmes*, the notice, which was quite detailed, contained a minor inaccuracy regarding the accident location. The court was merely saying the minor inaccuracy did not matter because the purpose of the statute was served—that there was substantial compliance.

Tucking argues that *Holmes* applies to her situation. The notice in *Holmes* was detailed and the plaintiff made an attempt to state all of the required elements. Tucking's notice did not. Tucking's position is at variance with prior case law. In the past, under the predecessor statutes to 12-105b, pleadings were required to conform to the notice, and the terms could not be varied. See *Adams v. City of Arkansas City*, 188 Kan. 391, 397, 362 P.2d 829 (1961); *Watkins v. City of El Dorado*, 183 Kan. 363, 366-67, 327 P.2d 877 (1958). This requirement still exists under K.S.A. 1989 Supp. 12-105b(d) and would be effectively abrogated if plaintiffs were allowed to provide only minimal information in their notices. We hold that Tucking's notice was not in substantial compliance with K.S.A. 1989 Supp. 12-105b(d). The trial court correctly dismissed the case.

Affirmed.