Jane D. MILLER, Plaintiff,

v.

Kerry BRUNGARDT, Richard W. Flores, Unified School District No. 469, Lansing, Kansas, Defendants.

Civ. A. No. 94–2518–GTV.

United States District Court, D. Kansas.

Oct. 3, 1995.

Nancy A. Roe, Kansas City, KS, for Jane D. Miller.

Jeffrey L. Baxter, Jeffrey E. Goering, Chapman, Waters & Baxter, Leavenworth, KS, Peter K. Curran, Petefish, Curran, Immel & Heeb, Lawrence, KS, Daniel B. Denk, Gregory P. Goheen, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, for Kerry Brungardt.

Jeffrey L. Baxter, Chapman, Waters & Baxter, Leavenworth, KS, Peter K. Curran, Petefish, Curran, Immel & Heeb, Lawrence, KS, Daniel B. Denk, Gregory P. Goheen, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, for Richard W. Flores, Unified School District # 469, of Lansing Kansas.

## *MEMORANDUM AND ORDER*

VAN BEBBER, Chief Judge.

This case is before the court on the defendants' motion to dismiss plaintiff Jane D. Miller's complaint for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1) (Doc. 10). For the reasons stated below, the defendants' motion is denied in part and granted in part.

### I.  *Background*

Unified School District No. 469 (USD 469) employed Miller in August 1992 as a counselor for the Lansing Middle School. On April 4, 1994, the plaintiff received notice of the nonrenewal of her employment contract. During this period, USD 469 employed Kerry Brungardt as Vice–Principal for Lansing Middle School and Richard Flores as Superintendent.

Miller alleges the following facts: Brungardt made sexually inappropriate comments to her, and she lodged a formal grievance with Flores. Flores verbally reprimanded her for lodging a grievance against Brun-

gardt and for Brungardt's counter allegations. Additionally, Lansing Middle School employees began behaving negatively toward her. The plaintiff filed a sexual harassment and retaliatory discharge complaint with the Kansas Human Rights Commission (KHRC) and the Equal Employment Opportunity Commission (EEOC). Miller took three weeks medical leave because of stress-related medical problems. She also requested and was granted a transfer to Lansing High School. Approximately six weeks later, the plaintiff received notice that her contract would not be renewed. She has been unable to secure employment in her profession. The plaintiff filed a second retaliatory discharge complaint with the KHRC and the EEOC.

Miller subsequently filed this suit, alleging sexual harassment and retaliatory discharge in violation of Title VII and the Kansas Act Against Discrimination. The plaintiff also alleges intentional infliction of emotional distress under Kansas common law. Miller seeks punitive damages based upon the defendants' alleged wilful and malicious conduct.

The defendants filed a motion to dismiss, arguing that the court lacks subject matter jurisdiction over Miller' claims. The defendants contend that the court lacks subject matter jurisdiction because Miller failed to plead or to substantially comply with the notice requirements under K.S.A. § 12–105b (1991).

### II.  *Subject Matter Jurisdiction*

Generally, the party seeking to invoke federal jurisdiction has the duty to establish that such jurisdiction is proper. *Scheideman v. Shawnee County Bd. of County Comm'rs*, 895 F.Supp. 279, 280 (D.Kan. 1995) (citing *Basso v. Utah Power and Light Co.*, 495 F.2d 906, 909 (10th Cir.1974)). Because federal courts are courts of limited jurisdiction, there is a presumption against federal jurisdiction. *Id.* "A court lacking jurisdiction must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Id.*; *see* Fed.R.Civ.P. 12(h)(3). The plaintiff bears

the burden of showing why this case should not be dismissed.

In ruling on a motion to dismiss, the court accepts the veracity of all well-pleaded facts in the plaintiff's complaint and views both the facts and all reasonable inferences in the light most favorable to the plaintiff. *Zinermon v. Burch,* 494 U.S. 113, 118, 110 S.Ct. 975, 979, 108 L.Ed.2d 100 (1990); *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). The pleadings must be construed liberally. *Gas–A–Car, Inc. v. American Petrofina, Inc.,* 484 F.2d 1102 (10th Cir.1973); *see* Fed.R.Civ.P. 8(a), (f). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff ultimately will prevail, but whether the plaintiff shall be allowed to offer evidence to bolster the claims. *Scheideman,* 895 F.Supp. at 282 (citing *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)). "The court may not dismiss a case for failure to state a claim 'unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.'" *Id.* (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)).

Fed.R.Civ.P. 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement need not be detailed factually, but "must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 85, 78 S.Ct. at 175. While a plaintiff is not required to state precisely each element of the claim, Rule 8(a) nevertheless requires minimal factual allegations on those material elements that must be proven to recover. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991).

The defendants argue that Miller's complaint should be dismissed for lack of subject matter jurisdiction because the plaintiff did not comply with Kansas notice requirements. K.S.A. § 12–105b(d) provides in pertinent part: "Any person having a claim against a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection before commencing such action."

It is "well-established that federal civil rights claims are not subject to the Kansas Tort Claims Act." *Scheideman,* 895 F.Supp. at 281. Thus, as the defendants concede in their reply memorandum, the plaintiff's claims brought under the Title VII are not subject to the notice requirements of § 12–105b(d).

At issue is whether the notice requirements of § 12–105b(d) are applicable to the plaintiff's state law claims against USD 469 as well as against Brungardt and Flores as individuals. The notice requirements in § 12–105b(d) are mandatory and a condition precedent to bringing a tort claim against a municipality. *Tucking v. Board of Comm'rs of Jefferson County, Kan.,* 14 Kan.App.2d 442, 445, 796 P.2d 1055 (1990); *see Scheideman,* 895 F.Supp. at 281 ("The notice requirement only applies to actions under the Kansas Tort Claims Act against a municipality.").

K.S.A. § 12–105a(a) (1991) defines "municipality" to include "school districts of whatever name or nature." USD 469 falls within the definition of a municipality. On the other hand, because § 12–105b(d) notice requirements apply only to municipalities, written notice was not required for Miller's claims against Brungardt and Flores in their individual capacity. *See Scheideman,* 895 F.Supp. at 281 (failure to provide written notice under § 12–105b(d) did not preclude plaintiff's claims against defendant sheriff in his individual capacity).

The next question is whether the plaintiff set forth a claim showing the pleader is entitled to relief against USD 469 under federal rules concerning conditions precedent. *See* Fed.R.Civ.P. 9(c) ("In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity."); *see also* K.S.A. 60–209(c) (1994) (same).

In the present case, the plaintiff did not plead the occurrence of the condition precedent in her petition. Therefore, the petition

did not indicate the pleader was entitled to relief, and as such, the petition was defective. *See Tucking,* 14 Kan.App.2d at 445, 796 P.2d 1055; *James v. City of Wichita,* 202 Kan. 222, 225, 447 P.2d 817 (1968).

In response, the plaintiff contends that she provided the defendants with written notice sufficient to comply with the notice requirements of § 12–105b. She asserts she provided written notice through her two formal complaints filed with the EEOC and through a letter from her counsel requesting a formal hearing before the school board.

■ Substantial compliance is required under the current notice statute. *See* K.S.A. § 12–105b(d) ("In the filing of a notice of claim, substantial compliance with the provisions and requirements of this subsection shall constitute valid filing of a claim.") There is only "substantial compliance if the plaintiff makes an attempt to state each element of the notice." *Wiggins v. Housing Auth. of Kansas City, Kan.,* 19 Kan.App.2d 610, 613, 873 P.2d 1377 (1994) (citing *Tucking,* 14 Kan.App.2d at 446–47, 796 P.2d 1055), *rev. denied,* Sept. 9, 1994. Therefore, "there is no substantial compliance if one element is completely missing." *Tucking,* 14 Kan. App.2d at 447, 796 P.2d 1055.

K.S.A. § 12–105b(a) requires presentation of all claims via a written statement; subsection (d) requires filing of the written notice of tort claims with the clerk or governing body of the municipality. The elements of notice listed in subsection (d) are:

(1) The name and address of the claimant and the name and address of the claimant's attorney, if any; (2) a concise statement of the factual basis of the claim, including the date, time, place and circumstances of the act, omission or event complained of; (3) the name and address of any public officer or employee involved, if known; (4) a concise statement of the nature and the extent of the injury claimed to have been suffered; and (5) a statement of the amount of monetary damages that is being requested.

In this case, Miller's asserted notice does not substantially comply with § 12–105b because an element is completely missing. The notice made no reference to the amount of monetary damages claimed as required in element (5). Her compliance with some of the other elements was partial. Regarding element (2), the notice did not contain a claim for the tort of intentional infliction of emotional distress. With regards to element (4), the notice did not give the nature or extent of the injury suffered. Miller's notice is inadequate on element (5), and probably on elements (2) or (4) as well.

The defendants' motion to dismiss Miller's claims for lack of subject matter jurisdiction based upon the plaintiff's failure to comply with the notice requirements of § 12–105b is denied with respect to the plaintiff's claims arising under Title VII. The defendants' motion to dismiss the plaintiff's supplemental claims arising under state law is denied with respect to claims against defendants Brungardt and Flores in their individual capacity, and granted with respect to claims against USD 469.

IT IS, THEREFORE, BY THE COURT ORDERED that the defendants' motion to dismiss (Doc. 10) is granted in part and denied in part as stated in this memorandum and order.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**