Jane D. MILLER, Plaintiff,

v.

Kerry BRUNGARDT, Richard W. Flores, Unified School District No. 469, Lansing, Kansas, Defendants.

Civil Action No. 94–2518–GTV.

United States District Court, D. Kansas.

Feb. 9, 1996.

Nancy A. Roe, Kansas City, KS, for plaintiff.

Jeffrey L. Baxter, Jeffrey E. Goering, Chapman, Waters & Baxter, Leavenworth, KS, Peter K. Curran, Petefish, Curran, Immel & Heeb, Lawrence, KS, Daniel B. Denk, Gregory P. Goheen, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, for defendants.

## MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

This case is before the court upon motion to dismiss by defendants Kerry Brungardt and Richard W. Flores (Doc. 22) and upon motion to reconsider the court's memorandum and order dated October 3, 1995, by all defendants (Doc. 25). For the reasons stated below, the motions are granted in part and denied in part.

### Motion to Dismiss

Plaintiff Jane D. Miller filed suit, alleging sexual harassment and retaliatory discharge in violation of Title VII, 42 U.S.C. § 2000e *et seq.*, and the Kansas Act Against Discrimination (KAAD), K.S.A. § 44–1001 *et seq.*, as well as intentional infliction of emotional distress under Kansas common law. In the caption of the complaint, Miller lists Brungardt and Flores as individuals.

 Defendants Brungardt and Flores construe the plaintiff's caption to mean Miller is suing them in their individual capacities. Brungardt and Flores argue that the Title VII claims against them should be dismissed because "individual capacity suits are inappropriate." *Sauers v. Salt Lake County,* 1 F.3d 1122, 1125 (10th Cir.1993). "Under Title VII, suits against individuals must proceed in their official capacity." *Id.*

The plaintiff responds that how the caption is titled is not controlling. She maintains the body of the complaint establishes that Brungardt and Flores are being sued in their official capacities. If deemed necessary, she asks for leave of the court to amend the caption. *See Gray v. University of Kan. Medical Ctr.,* 715 F.Supp. 1041, 1043 (D.Kan. 1989) ("[A] defendant's capacity need not be [pled].... A failure to allege official or individual capacity in the caption is merely a formal error and not a fatal defect."); *see* Fed.R.Civ.P. 9(a).

Brungardt and Flores further contend that being sued in their official capacities will not preserve the Title VII claims against them. They rely upon *Redpath v. City of Overland Park,* 857 F.Supp. 1448, 1456 (D.Kan.1994), in which Judge Vratil stated that if

> the employer has been sued directly, it is duplicative to sue the supervisory employees in their official capacities. The employer is liable without knowledge for the acts of its agent-employees regardless of whether that theory manifests itself in the caption, and the plaintiff can obtain no additional relief by pleading in this manner.

*See Sauers,* 1 F.3d at 1125 (quoting *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir.1991)) (" '[T]he proper method for a plaintiff to recover under Title VII is by suing the employer, *either by* naming the supervisory employees as agents of the employer *or by* naming the employer directly.' ") (emphasis added).

Here, the plaintiff has sued directly the employer, Unified School District No. 469 (USD 469). The court agrees it is duplicative to sue Brungardt and Flores in their official capacities. Therefore, the court dismisses the Title VII claims against them.

 Brungardt and Flores insist the court should refrain from exercising supplemental jurisdiction over the state law claims against them. The court disagrees. The state law claims against Brungardt and Flores are so related to those asserted against USD 469,

over which there is no question of the court's jurisdiction, that they form part of the same case or controversy. The court, in its discretion, will allow Miller to proceed against Brungardt and Flores under the supplemental jurisdiction doctrine with the exception of the KAAD claims. *See* 28 U.S.C. § 1367; *Bailey v. West*, No. 95–2147, slip op., 5–6, 1996 WL 46040 (D.Kan. Jan. 26, 1996); *Parks v. Hayward's Pit, Inc.*, No. 93–2387, 1993 WL 545231 (D.Kan. Dec. 21, 1993).

■ Although not controlling, federal decisions applying Title VII are persuasive authority in construing KAAD claims because the statutory schemes are analogous. *See Best v. State Farm Mut. Auto. Ins. Co.*, 953 F.2d 1477, 1479 (10th Cir.1991); *Ballou v. University of Kan. Medical Ctr.*, 871 F.Supp. 1384, 1391 (D.Kan.1994); *Beech Aircraft Corp. v. Kansas Human Rights Comm'n*, 254 Kan. 270, 274, 864 P.2d 1148 (1993); *Reber v. Mel Falley, Inc.*, 235 Kan. 562, 564, 683 P.2d 1229 (1984); *McCabe v. Johnson County Bd. of County Comm'rs*, 5 Kan.App.2d 232, 235, 615 P.2d 780 (1980). Hence, the court will apply Title VII standards to the KAAD claims. *See Carreno v. Local Union No. 226, IBEW*, No. 89–4083, 1990 WL 159199, *4 n. 1 (D.Kan. Sept. 27, 1990). For the same reasons the Title VII claims against Brungardt and Flores have been dismissed, the KAAD claims against these two defendants also are dismissed. *See Davidson v. MAC Equip., Inc.*, 878 F.Supp. 186, 188 & n. 1 (D.Kan.1995); *Gallardo v. Board of County Comm'rs, Kearny County, Kan.*, No. 94–4064, 1995 WL 106366 (D.Kan. Jan. 11, 1995); *Johnson v. Van Tuyl*, No. 92–2103, 1994 WL 263791 (D.Kan. May 26, 1994).

*Motion to Reconsider*

All three defendants ask the court to reconsider its memorandum and order dated October 2, 1995, in which the court denied the defendants' motion to dismiss the state-law claims against Brungardt and Flores based upon Kansas notice requirements. The court granted the motion with regard to the state-law claims against USD 469. *See Miller v. Brungardt*, 904 F.Supp. 1215 (D.Kan.1995). Because the KAAD claims are dismissed in this order, intentional infliction of emotional distress is the only remaining state-law claim against Brungardt and Flores.

■ Under Kansas law, "[a]ny person having a claim against a municipality which could rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection before commencing such action." K.S.A. § 12–105b(d) (1991). "The notice requirements in § 12–105b(d) are mandatory and a condition precedent to bringing a tort claim against a municipality." *Miller*, 904 F.Supp. at 1217. The court concluded that the Kansas notice requirements applied to state-law claims against USD 469 because the statutory definition of municipality includes school districts. *Id.* (citing K.S.A. § 12–105a(a) (1991)). Following that same reasoning, the court found the notice requirements did not apply to state-law claims against Brungardt and Flores in their individual capacity because the statutory definition of municipality does not include individual employees. *Id.* (citing *Scheideman v. Shawnee County Bd. of County Comm'rs*, 895 F.Supp. 279, 282 (D.Kan.1995)).

For the first time, the defendants direct this court's attention to *King v. Pimentel*, 20 Kan.App.2d 579, ¶ 5, 890 P.2d 1217 (1995), in which the Kansas Court of Appeals held that the notice requirements of § 12–105b(d) applied to "municipal employees who caused injury or damages to another while acting within the scope of their employment." *See* D.Kan.R. 7.3 ("A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."); *see also Torre v. Federated Mut. Ins. Co.*, 906 F.Supp. 616, 617–18 (D.Kan.1995).

Miller questions the defendants' reliance upon *King*. She claims the case is distinguishable because it focused upon whether the tolling provision of § 12–105b applied equally to a municipality and its employees. The plaintiff also notes that the *King* plaintiff's claims against the municipal employees were not dismissed even though the employees never received written notice.

In *King,* the trial court granted summary judgment on the plaintiff's malicious prosecution and abuse of process claims against the City of Topeka and several officials.[1] The court acknowledged the tolling provision of K.S.A. § 12–105b(d), under which the plaintiff had filed his notice of claim with the City. According to the trial court's construction of the statute,

> a party is not required to provide a municipality with written notice of a claim pursuant to K.S.A. 12–105b(d) for claims against municipal employees under the Kansas Tort Claims Act ...; therefore, the provision for extension of the applicable statute of limitations for compliance with the notice requirement of K.S.A. 12–105b(d) did not operate to extend the applicable limitations periods on [the plaintiff's] claims against [the individual defendants].

20 Kan.App.2d at 588, 890 P.2d 1217.

On appeal, the Kansas Court of Appeals disagreed, explaining:

> We must concede a strict interpretation of K.S.A. 12–105b(d) supports the trial court's conclusion the notice of claim requirement applies only to claims against a municipality and not municipal employees. The statute is silent with regard to claims which could give rise to an action against municipal employees under the KTCA [Kansas Tort Claims Act]. However, the statutory language also permits a broader interpretation. We find K.S.A. 12–105b(d) applies to both claims against a municipality and to claims against municipal employees acting within the scope of their employment.
>
> The law with regard to municipal liability has changed significantly.... Now, under the KTCA, a governmental entity's liability for the negligent or wrongful actions or omissions of its employees, while acting within the scope of their employment, is the rule rather than the exception. K.S.A. 75–6103. Additionally, a governmental entity is obligated, with certain exceptions, to provide a defense for employees defending actions under the KTCA and is liable and must indemnify its employees against damages for injury or damage

caused by the employees while acting within the scope of their employment. K.S.A. 75–6108, K.S.A. 75–6109, and K.S.A. 75–6116.

> The notice of claim requirement in K.S.A. 12–105b(d) affords a municipality an opportunity to review and investigate tort claims against it and to approve or deny such claims before having to litigate an action under the KTCA. Because a municipality faces significant liability, both in actions brought against it and actions brought against its employees under the KTCA, we conclude the legislature intended written notice of a claim under K.S.A. 12–105b(d) would be a prerequisite for bringing an action under the KTCA against municipal employees who cause injury or damages to another while acting within the scope of their employment....

*Id.* at 589–90, 890 P.2d 1217. Although the employee defendants never received written notice pursuant to § 12–105b(d), the Court of Appeals allowed the plaintiff to proceed on state tort claims against all defendants.

Under *King,* the notice requirements of § 12–105b(d) are a condition precedent to filing a tort claim against a municipal employee if the municipality employer is liable for the employee's actions. The municipality is liable if the employee's actions occurred within the scope of employment. Additionally, written notice to the municipality apparently satisfies the notice requirements for municipal employees.

■ Thus, § 12–105b(d)'s notice requirements are a condition precedent to Miller filing a claim of intentional infliction of emotional distress against Brungardt and Flores if their actions occurred within the scope of their employment. Because the defendants have raised the notice issue in a motion to dismiss, only the facts alleged in the complaint will be considered with regard to scope of employment. In ruling on a motion to dismiss, the court accepts as true all well-pleaded facts in the plaintiff's complaint and views both the facts and all reasonable inferences in the light most favorable to the plaintiff. *Zinermon v. Burch,* 494

---

**1.** Claims and issues in *King* not pertinent to the case at hand will not be discussed.

U.S. 113, 118, 110 S.Ct. 975, 979, 108 L.Ed.2d 100 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984).

■ Determining if an employee's actions are within the scope of employment is generally a fact question. *Foster v. Board of Trustees of Butler County Community College*, 771 F.Supp. 1122, 1130 (D.Kan.1991); *see Williams v. Community Drive–In Theater, Inc.*, 214 Kan. 359, 364–68, 520 P.2d 1296 (1974) (scope of employment defined and applied); *Hollinger v. Jane C. Stormont Hosp. & Training Sch. for Nurses*, 2 Kan. App.2d 302, 310–12, 578 P.2d 1121 (1978) (same). That determination "involves a consideration of the individual factual setting of each case, including objective as well as subjective consideration." *Foster*, 771 F.Supp. at 1130 (citing *Focke v. United States*, 597 F.Supp. 1325, 1339 (D.Kan.1982)).

■ In the complaint, Miller, a middle school counselor, alleges that Brungardt, the school's vice-principal, walked into her office and "made sexually inappropriate comments," including accusing her "of engaging in a lesbian relationship" with a student's mother and making "sexually explicit comments concerning lesbian behavior." The plaintiff describes Brungardt's behavior as "threatening, intimidating and abusive." (Doc. 1, Complaint, No. 13.)

■ Accepting Miller's allegations as true, Brungardt's actions are not within the scope of his employment. "'[S]exual harassment ... is not within the job description of any supervisor or any other worker in any reputable business.'" *Ulrich v. K–Mart Corp.*, 858 F.Supp. 1087, 1092 (D.Kan.1994) (quoting *Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1417–18 (10th Cir.1987)). Hence, the Kansas notice requirement does not attach to the plaintiff's intentional infliction of emotional distress claim against Brungardt.

■ In the complaint, Miller contends Flores, the superintendent, verbally reprimanded her for filing a sexual harassment grievance against Brungardt and for Brungardt's counter allegations against her. She maintains Flores inadequately investigated her grievance and failed to take proper remedial action. The plaintiff also alleges that Flores was instrumental in her employment being terminated.

■ The facts Miller has alleged concerning Flores are within the scope of a superintendent's employment. The plaintiff was required to comply with § 12–105b(d)'s notice requirements, which she failed to do. Miller also failed to substantially comply with § 12–105b(d) with regard to her claims against USD 469. *Miller*, 904 F.Supp. at 1217. Notice to USD 469 will not suffice as notice for Flores. The plaintiff's intentional infliction of emotional distress claim against Flores is dismissed.

The plaintiff has two remaining claims: Title VII against USD 469 and intentional infliction of emotional distress against Brungardt.

To the extent this court's opinions in *Miller*, 904 F.Supp. 1215, and *Scheideman*, 895 F.Supp. 279, are inconsistent with the *King* decision, the opinions are modified to comport with the *King* standard.

IT IS, THEREFORE, BY THE COURT ORDERED that the motion to dismiss by defendants Brungardt and Flores (Doc. 22) is granted in part and denied in part.

IT IS FURTHER ORDERED that the motion to reconsider by all defendants (Doc. 25) is granted in part and denied in part.

IT IS FURTHER ORDERED that defendant Richard W. Flores is dismissed from this action.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**