**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 27 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

DAVID L. WOODWARD,

      Plaintiff-Appellant,

v.

SEDGWICK COUNTY JAIL
ADMINISTRATOR MITCHELL
PAIGE; MELISSA DAY; MIKE
HILL,

      Defendants-Appellees.

No. 96-3202
(D.C. No. 93-CV-3228)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before TACHA, EBEL, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff-appellant David L. Woodward appeals the district court's dismissal of his civil rights action, brought pursuant to 42 U.S.C. § 1983. Because plaintiff's claims are precluded by the Supreme Court's opinion in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), and by the statute of limitations, we affirm.

On May 23, 1991, plaintiff attempted to commit suicide after being identified as a suspect in a sexual molestation. While hospitalized, plaintiff made inculpatory statements during police questioning, and his wife consented to a search of their home which disclosed incriminating evidence. On May 25, 1991, plaintiff was arrested and placed in an infirmary cell under suicide watch. Between this date and June 5, 1991, plaintiff was handcuffed to the bed, clothed only in a paper gown under cold conditions. Plaintiff made several inculpatory statements during this time. On May 27, 1991, he was given a blanket and his dentures. After June 5, 1991, plaintiff was taken off suicide watch, but remained under observation in administrative segregation. He was permitted standard issue clothing, bedding, a daily shower, exercise, and standard commissary and visitation privileges.

On May 29, 1991, a public defender was appointed to represent plaintiff, and on September 6, 1991, plaintiff pled guilty to six felony counts, including kidnapping, sexual exploitation of a child, rape, and felony murder. Plaintiff is currently incarcerated in a state correctional facility. His convictions have not been reversed.

On June 11, 1993, plaintiff filed this civil rights action against the Sedgwick County Jail Administrator, the Sedgwick County Sheriff, and his former attorney, alleging that defendants (1) conspired to deprive him of his Sixth Amendment right to effective assistance of counsel; (2) conspired to coerce his confessions and guilty pleas in violation of the Fifth Amendment; (3) illegally searched his residence and submitted tainted evidence at the preliminary hearing in violation of the Fourth Amendment; and (4) subjected him to cruel and unusual punishment by reason of jail conditions and deprivation of medical treatment in violation of the Eighth Amendment. The district court dismissed the action on the following grounds: (1) plaintiff's claims that he was denied his right to effective assistance of counsel and that his confessions and guilty plea were coerced were barred by Heck, 114 S. Ct. at 2372-73; and (2) plaintiff's claims of illegal search and cruel and unusual punishment were barred by the statute of limitations. This appeal followed.

We review the dismissal of a complaint de novo, accepting well-pleaded allegations as true and construing them in the light most favorable to plaintiff. Fuller v. Norton, 86 F.3d 1016, 1020 (10th Cir. 1996). Where a complaint shows on its face that the applicable statute of limitations has expired, dismissal for failure to state a claim is appropriate. Aldrich v. McCulloch Properties, Inc., 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

We conclude the district court properly dismissed plaintiff's damages claims premised on the deprivation of counsel and the use of coerced confessions and a coerced guilty plea, because such claims directly challenged the validity of his convictions. In Heck v. Humphrey, the Supreme Court held that

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

114 S. Ct. at 2372 (footnote omitted).

The only injury identified by plaintiff is the fact of his convictions and incarceration. To establish that he is entitled to compensation for this injury, plaintiff necessarily must show that the convictions and incarceration are unlawful, based on the deprivation of effective assistance of counsel and the use

-4-

of coerced confessions and a coerced plea. This is exactly the situation addressed by Heck, in which the Court held that such claims are not cognizable unless the underlying convictions have been reversed, expunged, declared invalid, or called into question by issuance of a writ of habeas corpus. The fact that plaintiff is now procedurally barred from raising these challenges to his convictions in a habeas corpus petition does not change this result, because the focus of our inquiry is on whether plaintiff has suffered a compensable injury, and not whether plaintiff is foreclosed from any other avenue of challenging his convictions.[1]

The district court also acted correctly in dismissing plaintiff's cruel and unusual punishment claim and his search and seizure claim based on the statute of limitations. As 42 U.S.C. § 1983 does not contain a statute of limitations, we look to the underlying state's statute of limitations governing personal injury claims. See Hardin v. Straub, 490 U.S. 536, 538, 540 (1989); Hamilton v. City of Overland Park, 730 F.2d 613, 614 (10th Cir. 1984) (applying Kansas personal injury limitation). In Kansas, a personal injury action must be brought within two years after a cause of action accrues. Kan. Stat. Ann. § 60-513(a)(4) & (b). A civil rights action accrues when the "facts that would support a cause of action

---

[1]     Plaintiff appears to argue that, in regard to his allegedly coerced confessions, proof of a constitutional violation will not render his convictions invalid because his convictions are based on a guilty plea. Although this may be true, plaintiff has not alleged any damage resulting from the allegedly coerced confessions other than his convictions and incarceration.

are or should be apparent." Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir. 1995) (quotations omitted).

Plaintiff's cruel and unusual punishment claim rests on his treatment while under suicide watch at the Sedgwick County Jail. This treatment was readily apparent to plaintiff when it occurred. The record shows that plaintiff was taken off suicide watch on June 5, 1991, and that, although he was still under observation, he was given standard prisoner clothing and privileges on that date. Exhibit 6 to Martinez Report, p.2. Although plaintiff alleges in his affidavit that he was subjected to cruel and unusual conditions "until approximately June 20," R. I, doc. 2, he does not allege any facts to support this claim. Because plaintiff was last subjected to the complained of conditions on June 5, 1991, his lawsuit brought on June 11, 1993, fell outside the limitations period. The fact that plaintiff may not have discovered the legal basis for his claim until later did not extend the time in which he was required to bring his action. See Richards v. Mileski, 662 F.2d 65, 71 n.10 (D.C. Cir. 1981) (holding "mere ignorance of the law does not ordinarily toll the statute of limitations"); see also United States v. Kubrick, 444 U.S. 111, 123-24 (1979) (holding that medical malpractice accrued upon knowledge of facts, regardless of whether plaintiff knew legal rights had been invaded).

Similarly, plaintiff's search and seizure claim accrued when it occurred on May 27, 1991, or at the latest, when he learned of the search within the next few days. See Johnson v. Johnson County Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir. 1991) (holding that "[c]laims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur" unless plaintiff shows why he did not know of the alleged injury when the actions occurred). His argument that he did not know of the damage until the illegally seized evidence was used at the preliminary hearing renders his claim one for damages resulting from his conviction, which, as explained above, is precluded by Heck.

Finally, plaintiff's claim that the statute of limitations was tolled while he was incarcerated is without merit. State limitations statutes control whether a plaintiff's incarceration tolls the time to bring a civil rights action. Hardin, 490 U.S. at 539, 543. Here, section 60-515(a) of the Kansas Statutes specifically states that the statute of limitations is not tolled for a prisoner who has access to the court for purposes of bringing an action. Plaintiff has not alleged that he was denied access to the court during the limitations period. Therefore, his incarceration did not toll the statute of limitations.

Plaintiff's motion for leave to proceed in forma pauperis is GRANTED.

The judgment of the United States District Court for the District of Kansas is

AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

David M. Ebel
Circuit Judge